[Civ. No. 22832.   First Dist., Div. Four.   Mar. 27, 1967.]

STANLEY KAHN et al., Plaintiffs and Respondents, v. WALTER GORDON, Defendant and Appellant.

Lloyd J. Cosgrove, Philip N. Schmidt and Otto A. Hoecker for Defendant and Appellant.

Clausen & Clausen and Henry C. Clausen, Jr., for Plaintiffs and Respondents.

CHRISTIAN, J. — Defendant, a realtor and mortgage broker, appeals from a judgment awarding his clients damages in the amount of $2,905 arising out of a fraudulent misappropriation committed by a salesman employed by appellant while that salesman was acting within the scope of ostensible authority. Appellant asserts that the evidence and findings of fact do not support the judgment; we hold to the contrary.

## THE FACTS

In the fall of 1958 respondents, desiring to make investments, were referred by a mutual acquaintance to Mr. Anderson, a salesman employed in appellant's real estate office, Gordon Realty Company. At that office respondents met Anderson who introduced them to appellant. Appellant explained that deeds of trust were good investments. Respondents, who were husband and wife and both dance choreographers, had little knowledge of investments in general or deeds of trust in particular; their ignorance was readily apparent to appellant, but he assured them "that Mr. Anderson could take full responsibility and care of [their] account, whatever further dealings [they] had with the office."

Shortly thereafter Anderson contacted respondents with a specific investment opportunity and at the real estate office they handed Anderson a check for $3,150, payable to appellant, and took a receipt on appellant's letterhead. A similar transaction took place later in 1958. Both investments were eventually fully liquidated with interest.

On March 10, 1959, Anderson visited respondents at their dance studio proposing a new and specially desirable investment that would be lost if they did not give him the money "right away that day." Respondents gave Anderson their check in the amount of $1,250, *payable to Anderson,* and took his receipt made out then and there, on a plain piece of paper, as follows: "March 10, 1959 Received of Stanley Kahn $1,250.00 for assignment of Deed of Trust in amount of $2,500.00 payable $27.50 per month including 6% interest. Balance of $1,050.00 to be paid when money from Sharp Park is received. Charles S. Anderson." It did not occur to respondents that this was irregular; they trusted Anderson on the basis of their previous dealings with him. They understood that the receipt was on blank paper instead of on appellant's

letterhead because Anderson did not bring any stationery with him when he visited the studio.

One week later Anderson brought to the studio a title company check in the amount of $1,655 liquidating one of the earlier investments. As anticipated in the receipt set forth above, Mr. Kahn endorsed this check to Anderson. Respondents believed they had thus invested $2,300 through the Gordon Realty Company, and that the balance of $605 represented by the title company check would be returned to them. Anderson later brought in a check for $600 which Mrs. Kahn endorsed over to him for reinvestment.

Anderson never invested any of the money referred to in the receipt or the additional $600. Instead he kept the money for his own purposes. There is no suggestion in the evidence that appellant had any knowledge of Anderson's defalcations until respondents later made complaint to him. However, he had not at any time informed respondents of any restrictions upon the very broad authority vested in Anderson by him at the first interview with respondents.

### Sufficiency of the Evidence

Appellant seeks reversal of the judgment on the theory that the authority of an agent cannot be established by representations made by the agent as opposed to those made by the principal. He points out that it was the agent, Anderson, who represented to respondents that he had the authority to accept money in the form of checks payable to him. It is true that the uncontroverted evidence indicates that Anderson had no actual authority to accept money in that form. The judgment is founded, however, upon a theory of ostensible authority. Civil Code section 2334 provides: ''A principal is bound by acts of his agent, under a merely ostensible authority, to those persons only who have in good faith, and without want of ordinary care, incurred a liability or parted with value, upon the faith thereof.'' Restatement Second of Agency declares in section 261: ''A principal who puts a servant or other agent in a position which enables the agent, while apparently acting within his authority, to commit a fraud upon third persons is subject to liability to such third persons for the fraud.'' The Restatement language has been held by the California Supreme Court to express accurately the law of this state. (*Rutherford* v. *Rideout Bank* (1938) 11 Cal.2d 479, 483-484 [80 P.2d 978, 117 A.L.R. 383].) The Restatement rule has been applied in many recent cases. (*Bayuk* v. *Edson* (1965) 236 Cal.App.2d 309, 315 [46 Cal.Rptr. 49];

*Reusche* v. *California Pac. Title Ins. Co.* (1965) 231 Cal. App.2d 731, 736-737 [42 Cal.Rptr. 262] ; *Balfour, Guthrie & Co.* v. *Hansen* (1964) 227 Cal.App.2d 173, 192 [38 Cal.Rptr. 525] ; *California Motor Express, Ltd.* v. *Chowchilla Union High Sch. Dist.* (1962) 202 Cal.App.2d 314, 317-318 [20 Cal. Rptr. 768] ; *Blackburn* v. *Witter* (1962) 201 Cal.App.2d 518, 521 [19 Cal.Rptr. 842] ; *Filippi* v. *McMartin* (1961) 188 Cal. App.2d 135, 138 [10 Cal.Rptr. 180] ; *Duarte* v. *Postal Union Life Ins. Co.* (1946) 75 Cal.App.2d 557, 573-574 [171 P.2d 574].)

Appellant asserts want of ordinary care on the part of the Kahns in that the transactions complained of were so extraordinary as to be beyond the bounds of apparent authority (*Curtis* v. *Hannaford & Talbot* (1965) 236 Cal.App.2d 182, 185 [45 Cal.Rptr. 785].) In the *Curtis* case, involving a stock salesman's guarantee (signed in his own name only) that plaintiff purchaser would realize a specified profit from the transaction, the court pointed to eight specific circumstances showing want of ordinary care and lack of ostensible authority. The present case much more closely resembles the facts presented in *Blackburn* v. *Witter, supra.* There the investor, a woman without business experience, selected appellant's agent as her financial advisor. The agent advised her as to which stocks to buy and sell. For a time, the results were satisfactory. Eventually he had her invest in a certain company and gave in return for the investor's money a receipt later supplemented by a promissory note, neither written on company stationery. The agent explained that no such stationery was available at the time. Although the agent had no authority to borrow the money for his personal use, that limitation had not been made known to the investor. On appeal from the judgment against the principal, it was urged that the transaction differed so radically from the previous transactions that respondent as a reasonable person must have known the agent was acting for himself. The court held, in affirming, that the evidence was sufficient to bring the case within the provisions of section 261 of the Restatement.

Resolving conflicts in the evidence in favor of the judgment, we find clear support for the decision of the trial court. Respondents were persons of limited financial experience; appellant indicated to them that the agent had a broad and general authority to look after their account; a course of successful transactions led respondents reasonably to trust the agent. A departure from standard practice in the form of the

complained of transactions was, from the point of view of respondents, reasonably explained by the haste with which the arrangements had to be completed. Appellant failed to give any warning of limitations upon the agent's authority. We find no significant ground to distinguish the present case from the situation presented in *Blackburn* v. *Witter*.

## THE FINDINGS

Appellant asserts in general terms the insufficiency of the findings to support the judgment. Although no specific defect in the findings has been pointed to, we have reviewed them and find no fault. Preliminary findings record the trial court's determinations regarding the dates, amounts and surrounding circumstances of the complained of transactions. Then, with the addition of appropriate factual references derived from the evidence, findings numbers five and six are cast in the language of Civil Code section 2334 as supplemented by the Restatement: ''V. CHARLES ANDERSON at the time he received the aforedescribed sum of TWO THOUSAND NINE HUNDRED FIVE DOLLARS ($2,905.00) from the plaintiffs was apparently acting within his authority, as a result of having been put in that position by his principal, WALTER GORDON, in that said CHARLES ANDERSON appeared to be acting in the ordinary course of the business confided to him and from the point of view of the plaintiffs, the transaction seemed regular on its face. VI. That at all times mentioned herein, CHARLES A. ANDERSON was the duly appointed and acting agent of defendant WALTER GORDON, and that defendant WALTER GORDON at all said times placed his agent CHARLES S. ANDERSON in a position that enabled said agent, while apparently acting within his authority and while plaintiffs were led so to believe and did so believe without fault on their part, to commit the aforesaid fraudulent misappropriations, all to plaintiffs damage all as heretofore set forth.''

It has generally been held sufficient to make findings in the statutory language in cases where rights and liabilities are defined by statute. (*California Shipbuilding Corp.* v. *Industrial Acc. Com.* (1947) 31 Cal.2d 270 [188 P.2d 27].) Moreover, the findings in the present case are adequate to apprise the parties and the reviewing court of the real grounds of the trial court's judgment.

The judgment is affirmed.

Devine, P. J., and Rattigan, J., concurred.